IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ELEVATE FEDERAL CREDIT UNION,**<br><br>　　Plaintiff / Counterclaim Defendant,<br><br>vs.<br><br>**ELEVATIONS CREDIT UNION,**<br><br>　　Defendants / Counterclaim Plaintiff. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-cv-00028<br><br>Judge Dale A. Kimball |

### INTRODUCTION

This matter is before the court on Elevations Credit Union's ("Elevations") Short Form Discovery Motion. (ECF No. 27.) In its motion, Elevations asks the court to strike Elevate Federal Credit Union's ("EFCU") untimely disclosed witnesses. The court reviewed the filings and the laws and facts relevant to this matter. Now being fully advised, the court feels that a hearing is unnecessary and issues the following Memorandum Decision and Order.

### BACKGROUND

On June 15, 2020, the court issued a Scheduling Order, closing fact discovery on February 1, 2021. (ECF No. 19.) On January 15, 2021, the parties stipulated to an amended scheduling order, extending the deadline for non-party depositions to February 26, 2021, and limiting party witness depositions to only 30(b)(6) depositions. (ECF No. 25–26.) Trial is currently scheduled for March 2022. In connection to that trial, most of the pretrial motions and disclosures are due in January 2022.

On February 26, 2021, EFCU identified 13 new witnesses, consisting of EFCU employees, attorneys, and board members and one individual who closely worked with EFCU's Chief Marketing Officer in the rebranding that led to this action. Recognizing that these disclosures were late, counsel conferred on how to deal with the untimely disclosure. Following those conferrals, EFCU withdrew nine of the witnesses. This matter pertains to the four remaining witnesses: Cindy Parsons, Brittlyn Hardy, Phillip Wheatley, and Katie Toone. Ms. Parsons is the only non-party witness. Ms. Hardy, Mr. Wheatley, and Ms. Toone are EFCU employees.

In early November 2020, Elevations issued a Subpoena to Ms. Parson's employer to uncover documents that EFCU had not yet produced. Elevations' counsel later had a teleconference with Ms. Parsons, her colleagues, and attorney about those documents but learned nothing about any testimony that Ms. Parsons might give. Elevations was otherwise unaware of Ms. Hardy, Mr. Wheatley, and Ms. Toone.

## DISCUSSION

The Federal Rules of Civil Procedure require that a party disclose the identity of any person likely to have discoverable information "that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26a(1)(A)(i). Pursuant to Rule 37(c), failure to comply with the disclosure requirements in Rule 26 may disqualify the use of "that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless the failure was substantially justified or harmless.*" Fed. R. Civ. P. 37(c)(1) (emphasis added). This rule "is intended to prevent the practice of 'sandbagging' an opposing party with new evidence." *Capitol Records, LLC v. Escape Media Grp., Inc.*, No. 12–CV–6646, 2015 WL 1402049, at *21 (S.D.N.Y. Mar. 25, 2015) (internal quotation marks omitted). Moreover, the exclusion of a witness for failure to comply

with Rule 26 is presumed unless the court finds that the late disclosures were either substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). The court exercises broad discretion in deciding what sanctions are appropriate for untimely disclosures. *See Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (unreported).

In this instance, EFCU has not even attempted to argue that the late disclosure was substantially justified. In fact, EFCU gave no reason whatsoever for the untimely disclosures. Without any justification for its failure to comply with Rule 26, EFCU must rely upon the harmless exception to Rule 37.

"The determination of whether a Rule 26(a) violation is . . . harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted). In making this determination, the following factors guide a court in its discretion:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Id.* (collecting cases). In this dispute, the court finds that only the prejudice or surprise factors are relevant. Thus, the court's inquiry will focus on whether EFCU's late disclosure was prejudicial to Elevations.

Here, EFCU makes two arguments for why its late disclosure is harmless: (1) Elevations knew about Cindy Parsons and already knows what her testimony will be; and (2) pursuant to the Stipulated Scheduling Order (ECF No. 25), Elevations is not deprived of the opportunity to take the EFCU employees' depositions and EFCU employees will "simply testify to what the EFCU corporate representative testified to in the 30(b)(6) depositions." (ECF No. 29 at 2.) The court will address each argument in turn.

First, the fact that Elevations knew about Cindy Parson's is irrelevant. Elevations' knowledge that Ms. Parsons worked for a non-party is different from knowing that she has information relevant to this action. Additionally, it is inconsistent for EFCU to argue that Ms. Parsons' existence and relevance to this action is so obvious while simultaneously failing to timely disclose her as a potential witness to Elevations. Regardless of Elevations' knowledge of Ms. Parsons' or the subject of her testimony, EFCU's failure to timely disclose her as a witness could have impacted Elevation's litigation strategy. Thus, the court finds that EFCU's untimely disclosure may prejudice Elevations. Accordingly, in lieu of exclusion, the court will allow Elevations one month from the date of this Order to schedule Ms. Parsons' deposition and seek additional discovery if necessary.

Second, EFCU argues that the three other witnesses, being party witnesses, would not be subject to deposition because of the January 15, Stipulated Scheduling Order and, therefore, there is no prejudice to Elevations. (ECF No. 25). While the Stipulated Scheduling Order did limit the party witness depositions, EFCU's untimely disclosure denied Elevations the opportunity to seek specific discovery pertaining to these witnesses or ask questions pertaining to these witnesses during the 30(b)(6) depositions.[1] Since the party witness depositions are limited to only the corporate representative, Elevations may have conducted themselves differently had they known which party witnesses had relevant information. Thus, the untimely disclosure is prejudicial to Elevations.

---

[1] The court is unsure if any of the 30(b)(6) depositions have taken place. Even if these depositions have not taken place, Elevations is prejudiced by being provided less time to consider how the three employees may be relevant to this action and how it should prepare for their potential testimony. Accordingly, the court's Order is the same regardless of whether these depositions have been completed.

Furthermore, EFCU has conceded that these "employees will simply testify to what the [EFCU] corporate representative testified to in the 30(b)(6) deposition." (EFC No. 29 at 2.) If these employees' testimonies will simply reflect the testimony already given in the 30(b)(6) depositions, then the prejudice of the late disclosure clearly outweighs any benefit that may come if the employees are allowed to testify. As a final consideration, the court will not allow EFCU to fail to comply with the Stipulated Scheduling Order while simultaneously using it as a shield against its witnesses being excluded. Accordingly, the court will strike Phillip Wheatley, Katie Toon, and Brittlyn Hardy as witnesses.

For the foregoing reasons, Elevation's Short Form Discovery Motion is GRANTED in part and DENIED in part. (ECF No. 27.) Elevation's Motion is GRANTED as to witnesses Phillip Wheatly, Katie Toon, and Brittlyn Hardy. These witnesses are stricken. Elevation's Motion is DENIED as to Cindy Parsons. Instead of striking Ms. Parsons as a witness, the court will allow Elevations one month from the date of this Order to seek additional discovery or schedule her deposition.

DATED this 22nd day of April, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge