## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **ELEVATE FEDERAL CREDIT UNION,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff/Counterclaim Defendant,** | |
| **v.** | **Case No. 1:20-cv-00028-DAK-JCB** |
| **ELEVATIONS CREDIT UNION,** | **District Judge Dale A. Kimball** |
| **Defendant/Counterclaim Plaintiff.** | **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C.

§ 636(b)(1)(A).[1] Before the court is Plaintiff and Counterclaim Defendant Elevate Federal

Credit Union's ("EFCU") short form discovery motion to strike certain documents produced by

Defendant and Counterclaim Plaintiff Elevations Credit Union ("Elevations").[2] The court held

oral argument on the motion on August 18, 2021.[3] At the conclusion of the hearing, the court

took the motion under advisement. The court has carefully reviewed the parties' written

memoranda and considered counsel's arguments from the hearing. Now being fully advised, the

court enters the instant Memorandum Decision and Order. Based upon the analysis below, the

court denies EFCU's motion.

---

[1] ECF Nos. 4, 16.

[2] ECF No. 36.

[3] ECF No. 39.

## BACKGROUND

The claims and counterclaims in this case are generally focused on trademark infringement.[4]  Elevations offered Hal Poret ("Mr. Poret") as an expert in developing and administering confusion surveys and produced his expert report to EFCU.[5]  Mr. Poret's report indicates that he conducted internet searches for certain terms and examined the results. According to EFCU, Mr. Poret's report did not include a list of the search terms he used or any printouts of the results.

In response to Mr. Poret's report, EFCU produced the rebuttal expert report of Dr. Justin R. Anderson ("Dr. Anderson").[6]  Dr. Anderson opined that Mr. Poret's expert opinions were severely flawed for several reasons, including Mr. Poret's use of Bing instead of Google to conduct his internet searches.

Approximately one week before Mr. Poret's deposition, Elevations produced supplemental documents to EFCU.[7]  Although Elevations did not specify what was being produced, the supplemental production consisted of documents showing searches Mr. Poret conducted on Google on June 15, 2021.  The following day, EFCU's counsel sent an email to Elevations' counsel objecting to Elevations' supplemental production.[8]

---

[4] ECF Nos. 2, 21.

[5] ECF No. 36-1.

[6] ECF No. 37-2.

[7] ECF No. 36-2.

[8] ECF No. 36-3.

Mr. Poret's deposition was conducted on June 30, 2021.  Notwithstanding EFCU's objection to Elevation's supplemental production of Mr. Poret's search printouts, EFCU's counsel questioned Mr. Poret at some length about those supplemental documents.

The same day, the parties' counsel met and conferred regarding Elevations' supplemental production.  According to EFCU, the parties agreed that the supplemental documents would not be used to support Mr. Poret's expert report and that they could be used only for purposes of impeachment.  Elevations confirms that the parties agreed that the supplemental documents would not be used as support for Mr. Poret's expert report but contends that the parties agreed that the documents could be used for both impeachment and rebuttal of Dr. Anderson's opinions.

The parties' counsel subsequently exchanged email correspondence about whether the supplemental documents could be used for rebuttal of Dr. Anderson's opinions.[9]  After reaching an impasse, EFCU filed the short form discovery motion currently before the court.[10] Notwithstanding the parties' agreement that Elevations' supplemental production could be used for impeachment, EFCU now moves the court under Fed. R. Civ. P. 37(c)(1) for an order striking those documents and prohibiting Elevations from using them for any purpose.  Elevations opposes the motion.[11]

[9] ECF No. 36-5.

[10] ECF No. 36.

[11] ECF No. 37.

## ANALYSIS

As shown below: (I) EFCU's motion is not ripe for consideration; and (II) even if the motion were ripe—and assuming that Elevations supplemental production somehow violated Fed. R. Civ. P. 26(a) or (e)—EFCU fails to demonstrate that the documents should be excluded under Rule 37(c)(1).  For those reasons, the court denies EFCU's motion.

**I.      EFCU's Motion Is Not Ripe for Consideration.**

EFCU's motion is not ripe because Elevations is not currently proffering any Rule 26(a) or (e) information in a motion, at a hearing, or at trial.  Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence *on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless.[12]

Until Elevations proffers its supplemental production, or it is imminently likely to be proffered for use in a motion, hearing, or trial, the issue of whether it should be excluded is not ripe. Indeed, if Elevations never proffers or states an intention to proffer these additional documents in a motion, hearing, or trial, then excluding them now would render an advisory opinion that has no real-world impact.  That is not how federal courts make decisions.[13]  On that basis alone, the court denies EFCU's motion.  But even if the motion were ripe for consideration, the court would still deny it for the reason set forth below.

---

[12] Fed. R. Civ. P. 37(c)(1) (emphasis added).

[13] *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) ("Judicial restraint should be exercised to avoid rendition of an advisory opinion.").

**II.     Even if Elevations' Supplemental Production Violated Rule 26(a) or (e), EFCU Fails to Show That the Documents Should Be Excluded Under Rule 37(c)(1).**

Even if EFCU's motion were ripe, and the court assumes, *arguendo*, that Elevations' supplemental production violated Rule 26(a) or (e), EFCU fails to demonstrate that the documents should be excluded under Rule 37(c)(1).  Even though Rule 37(c)(1) allows the exclusion of information from a motion, hearing, or trial if there is a violation of Rule 26(a) or (e), Rule 37(c)(1) also provides that the court is not required to exclude the information if the violation was substantially justified or is harmless.  The Court of Appeals for the Tenth Circuit has provided the following factors for the court to consider when determining whether a Rule 26(a) or (e) violation is substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[14]  Importantly, EFCU does not address those factors in its motion.  Nevertheless, the court considers each factor in turn below.

First, EFCU has not demonstrated undue prejudice or surprise.  Elevations' supplemental production was made promptly after Dr. Anderson's report was produced and prior to Mr. Poret's deposition.  Furthermore, EFCU was able to question Mr. Poret extensively during his deposition about the supplemental production.  Being able to examine Mr. Poret about his searches certainly limits prejudice to EFCU.  Additionally, both Elevate and EFCU agree that the Google searches that Mr. Poret performed in response to Mr. Anderson's report are only a snapshot of how Google prioritized the order of search results at that time and that the order of those Google search

---

[14] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

results will change daily if not more often.  Given the constantly changing order of the search results on Google, the supplemental documents memorializing Mr. Poret's Google search appear to be of limited evidentiary value in terms of proving the elements of the claims and defenses in this action.  Therefore, the ephemeral nature of these search results further reduces the harm that would arise from any late disclosure of these results.

Second, to the extent there is any prejudice, EFCU fails to show that it cannot be cured. If Elevations ever uses these documents to support an argument in a motion, hearing, or at trial, EFCU has been able to examine Mr. Poret about them.  Given the ephemeral nature of the order of the Google search that Mr. Poret performed, this examination may be more than enough to address whatever evidentiary value this search snapshot has.  Moreover, this order does not preclude EFCU from seeking to exclude Mr. Poret's opinions under Fed. R. Evid. 702 to the extent they reflect flaws in his methodology sufficient to undermine his reliability as an expert.[15] Thus, EFCU has been able to cure the prejudice of these documents, but to the extent prejudice remains, EFCU still has a potential remedy under Rule 702, *Daubert*, and its progeny.

Third, EFCU cannot show that allowing introduction of Elevations' supplemental production will disrupt the trial.  Indeed, trial is not scheduled to begin until April 4, 2022.[16]

Finally, EFCU has not shown any bad faith or willfulness on the part of Elevations.  To the contrary, as noted above, Elevations made the supplemental production promptly after Dr. Anderson's expert report and prior to Mr. Poret's deposition.  Thus, even if EFCU's motion were

---

[15] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[16] ECF No. 34.

ripe, and even if Elevations supplemental production somehow violated Rule 26(a) or (e), the court would deny EFCU's motion.

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that EFCU's short form discovery motion[17] is DENIED.

IT IS SO ORDERED.

DATED September 3, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] ECF No. 36.